J-S18024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AIRROION MCBRIDE | : | |
| | : | |
| Appellant | : | No. 590 EDA 2019 |

Appeal from the Judgment of Sentence Entered February 1, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004077-2018

BEFORE: PANELLA, P.J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.: **FILED JULY 16, 2021**

Airroion McBride (Appellant) appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his non-jury convictions of strangulation, simple assault, and false imprisonment,[1] for an attack on his then-girlfriend. Contemporaneous with this appeal, Appellant's counsel, the Defender Association of Philadelphia, has filed a petition to withdraw from representation and an **Anders** brief. **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago** 978 A.2d 349 (Pa. 2009). The **Anders** brief presents a claim that the evidence was insufficient to support Appellant's convictions. For the reasons below, we grant counsel permission to withdraw and affirm the judgment of sentence.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S. §§ 2718(a)(1), 2701(a), 2903(a), respectively.

The facts underlying this appeal, as summarized by the trial court, are as follows:

> On May 15, 2018, Appellant[ ] arrived at [his] and Complainant's mutual residence, at the time, located in the city and county of Philadelphia. Complainant asked and received Appellant's cell phone. Complainant took the cell phone into the bathroom and told Appellant that she would be deleting all photographs and videos. Appellant proceeded to enter the bathroom and snatch the phone from Complainant's hand. After retrieving the phone Appellant picked Complainant up by the collar of her shirt and slammed her over the toilet. Appellant slammed Complainant so hard that the toilet came off its hinges and began to leak. Next, Appellant punched Complainant once in the mouth. Complainant pushed her way out of the bathroom, grabbed the children, and ran downstairs to escape the residence. Appellant chased Complainant down the stairs of the residence and grabbed Complainant from behind as she went for the front door. Appellant pulled Complainant down to the ground and placed Complainant in a chokehold for one (1) minute, where Complainant was unable to breathe. Eventually, the neighbors starting knocking on the walls and yelling about the commotion. During the commotion Complainant was able to claw her way out of the house and Appellant's grip. Complainant then waited outside for the police to arrive. While outside waiting for police to arrive Appellant was trying to get Complainant to come back inside the residence. Complainant sustained injuries of a cut to her lower lip plus tenderness and soreness in her neck.

Trial Ct. Op., 1/13/21, at 3 (record citations omitted).

Appellant was arrested and charged with strangulation, simple assault, false imprisonment, and unlawful restraint. The case proceeded to a non-jury trial conducted on November 9, 2018. The trial court found Appellant guilty of all charges except unlawful restraint. On February 1, 2019, the court sentenced Appellant to an aggregate term of 11½ to 23 months'

imprisonment, with immediate parole, followed by three years' probation. This timely appeal followed.

On March 20, 2019, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal on or before April 17, 2019. *See* Order, 3/20/19. Appellant complied with the court's directive, and filed a concise statement which challenged the sufficiency of the evidence supporting his convictions. That same day, Appellant's counsel requested an extension of time to file a supplemental statement, explaining that they "attempted to comply with [the] court's directive by filing tentative issues" for review, but that the notes of testimony from Appellant's trial "have not been transcribed or provided to counsel." Appellant's Request for Extension of Time to File a Supplemental Statement of Errors Upon Receipt of the Notes of Testimony, 4/17/19, at 2 (unpaginated). Thereafter, the trial court "was made aware that the notes of testimony from the trial were unavailable and could not be made available because the court reporter was no longer an employee of the City of Philadelphia." Trial Ct. Op. at 1-2. *See also* Appellant's Statement in Absence of Transcript Pursuant to Pa.R.A.P. 1923 (Appellant's Statement), 9/16/19 at 1-2 (unpaginated) (explaining "the disc containing the notes of testimony for [Appellant's] trial was unreadable")

Thus, on September 16, 2019, Appellant filed a Statement in Absence of Transcript pursuant to Pa.R.A.P. 1923. *See* Pa.R.A.P. 1923 ("If . . . a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his

- 3 -

recollection."). The Commonwealth filed a response on February 25, 2020,[2] indicating it was "unable to verify the accuracy of [Appellant's] statement of the evidence presented at his trial" because the Assistant District Attorney who prosecuted him was no longer employed by the office. Commonwealth's Response to Appellant's Proposed Statement in Absence of Transcript Pursuant to Pa.R.A.P. 1923, 2/25/20, at 2. Nevertheless, the Commonwealth stated it would rely on the trial court's recollection, as well as "the information that currently is contained in the existing record[.]" *Id.* The trial court subsequently "accepted Appellant's 1923 statement into the record and amended it to incorporate the pre-sentence investigation report, mental health evaluation and prior record score."[3] Trial Ct. Op. at 2.

When counsel files a petition to withdraw and accompanying *Anders* brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. *Commonwealth v. Bennett*, 124 A.3d 327, 330 (Pa. Super. 2015). An attorney seeking to withdraw from representation on appeal

> must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy

---

[2] The Commonwealth's response appears to have been untimely. *See* Pa.R.A.P. 1923 (permitting the appellee to "serve objections or propose amendments" to an appellant's statement in absence of transcript "within ten days after service" of the statement).

[3] Nevertheless, we note that an "amended" Rule 1923 statement is not included the record certified on appeal.

of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*).  Pursuant to ***Santiago***, counsel must also:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id.***, *quoting* ***Santiago***, 978 A.2d at 361.

Here, the brief and petition to withdraw filed by the Defender Association of Philadelphia comply with the requirements of ***Anders*** and ***Santiago***.  ***See Cartrette***, 83 A.3d at 1032.  Moreover, the Defender Association attached a copy of a letter it sent to Appellant, advising him of his right to proceed with newly retained counsel or *pro se* and raise any additional points for this Court's attention.  Appellant has not filed any response.  Therefore, we proceed to examine the issues identified in the ***Anders*** brief, and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous."  ***See Commonwealth v. Yorgey***, 188 A.3d 1190, 1196 (Pa. Super. 2018) (*en banc*) (quotation omitted).  If we agree with counsel's assessment, "we may grant counsel's request to withdraw and dismiss the appeal[.]"  ***Id.*** (citation omitted).

The **Anders** brief identifies the following three issues for our review:

1. Was not the evidence insufficient as a matter of law to sustain [A]ppellant's conviction for strangulation pursuant to 18 Pa.C.S. § 2718[?]

2. Was not the evidence insufficient as a matter of law to sustain [A]ppellant's conviction for simple assault pursuant to 18 Pa.C.S. § 2701[?]

3. Was not the evidence insufficient as a matter of law to sustain [A]ppellant's conviction for false imprisonment pursuant to 18 Pa.C.S. § 2903[?]

**Anders** Brief at 3. We will address these issues together.

Our review of a challenge to the sufficiency of the evidence is well-settled.

We review claims regarding the sufficiency of the evidence by considering whether, "viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact — while passing on the credibility of the witnesses and the weight of the evidence — is free to believe all, part, or none of the evidence. In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder.

**Commonwealth v. Miller**, 172 A.3d 632, 640 (Pa. Super. 2017) (citations omitted).

Here, Appellant was convicted of strangulation, simple assault, and false imprisonment. A person is guilty of strangulation if they "knowingly or intentionally impede[ ] the breathing or circulation of the blood of another person by . . . applying pressure to the throat or neck." 18 Pa.C.S. § 2718(a)(1). A conviction of simple assault requires proof that the defendant "attempts to cause or intentionally, knowingly or recklessly causes bodily

- 6 -

injury to another[.]" 18 Pa.C.S. § 2701(a)(1).[4] "Bodily injury" is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301. Lastly, a person is guilty of false imprisonment if "he knowingly restrains another unlawfully so as to interfere substantially with [her] liberty." 18 Pa.C.S. § 2903(a).

Here, the trial court found the evidence presented by the Commonwealth was sufficient to support all three of Appellant's convictions. **See** Trial Ct. Op. at 4-7. We agree.

Appellant's conviction of strangulation is supported by Complainant's testimony that, as she attempted to leave the apartment building, Appellant "grabbed her from behind[,] pulled her down to the ground and placed her in a chokehold for approximately one minute." Appellant's Statement at 4. Complainant also testified she was unable to breath during that time, and she later experienced "tenderness and soreness in her neck." **Id.** Her testimony supports a finding that Appellant knowingly impeded Complainant's breathing by applying pressure to her neck. **See** 18 Pa.C.S. § 2718(a)(1).

---

[4] We note that Appellant was charged with simple assault under both subsections (a)(1) and (a)(3). **See** Appellant's Information, 6/15/18, at 1. A conviction under Subsection (a)(3) requires proof that the defendant "attempt[ed] by physical menace to put another in fear of imminent serious bodily injury[.]" 18 Pa.C.S. § 2701(a)(3). Neither the Trial Disposition and Dismissal Form, nor the Sentencing Order, specify the subsection under which Appellant was convicted. Nevertheless, in its opinion, the trial court concludes the evidence was sufficient to find Appellant guilty under Subsection (a)(1). **See** Trial Ct. Op. at 5-6. Because the court sat as factfinder, we will presume the court convicted Appellant of a violation of Section 2701(a)(1), and review the sufficiency of the evidence pursuant to that subsection only.

Complainant's description of the events on the evening in question also supports Appellant's conviction of simple assault. She testified that Appellant grabbed her "by the collar of her shirt and 'slammed her over the toilet'" so hard that the toilet came off its hinges and began to leak. Appellant's Statement at 3. Appellant then punched Complainant in the mouth, which caused a cut on her lip, before choking her as she tried to leave. *Id.* at 3-4. As the trial court opined: "[A]ppellant's acts of throwing, punching, and choking [Complainant] were sufficient [for the] court to conclude that Appellant intended to cause Complainant bodily injury." Trial Ct. Op. at 6. *See* 18 Pa.C.S. § 2701(a)(1). We agree.

Finally, we conclude Complainant's testimony that, as she attempted to leave the building, Appellant "grabbed her from behind[,] pulled her down to the ground and placed her in a chokehold," was sufficient to support his conviction of false imprisonment. Appellant's Statement at 4. Appellant knowingly restrained Complainant "so as to interfere substantially with [her] liberty." *See* 18 Pa.C.S. § 2903(a). Accordingly, Appellant's challenge to the sufficiency of the evidence supporting his convictions fails.

Moreover, our independent review of the record reveals no non-frivolous issues to be raised on appeal. Accordingly, we affirm the judgment of sentence and grant the Defender Association's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/16/2021